IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOYD BROTHERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-773-WKW[WO] |
| | ) | |
| LIBERTY MUTUAL INS. CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the court is Plaintiff Boyd Brothers, Inc.'s ("Boyd Brothers") Motion to Remand (Doc. # 9), which is accompanied by a Memorandum in Support (Doc. # 10). Boyd Brothers seeks remand of this action to the Circuit Court of Barbour County, Alabama, for lack of diversity jurisdiction, 28 U.S.C. § 1332(a). It asserts that complete diversity of citizenship does not exist because Defendant Stephen M. Collins ("Collins") is a non-diverse Defendant. Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Mr. Collins (collectively, "Defendants") filed a Response and Brief in Opposition to Boyd Brothers's Motion to Remand (Doc. # 13), arguing that, in the absence of fraudulent joinder, complete diversity exists. For the reasons to follow, the Motion to Remand is due to be granted.

## II.  STANDARD OF REVIEW

**A.    Generally**

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

**B.    Diversity Jurisdiction**

A federal court may exercise diversity jurisdiction where the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists.  There is complete diversity when the parties on one side of the suit are citizens of states different from the parties on the other side of the suit.  28 U.S.C. § 1332.  If, however, non-diverse parties are fraudulently joined to an action, their citizenship will not be considered for purposes of determining diversity jurisdiction. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (per curiam).[1]  The Eleventh Circuit recognizes three forms of fraudulent joinder.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533, 1540 (11th Cir. 1993)). The one relevant to this case is fraudulent joinder "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.*

The removing party bears the burden of proving fraudulent joinder, and the burden is "heavy." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted). "[A]ll factual issues and questions of controlling substantive law" must be viewed in the light most favorable to the plaintiff. *Coker*, 709 F.2d at 1440; *accord Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007). Although for purposes of determining fraudulent joinder, courts may consider affidavits and deposition transcripts submitted by either party, in addition to the plaintiff's pleadings at the time of removal, *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005), "the jurisdictional inquiry must not subsume substantive determination," *Crowe*, 113 F.3d at 1538 (internal quotation marks and citation omitted). Courts must be "certain" of their jurisdiction and "are not to weigh the merits of a plaintiff's

3

claim beyond determining whether it is an arguable one under state law." *Id.* (internal quotation marks and citation omitted).

### III. BACKGROUND

On August 20, 2008, Boyd Brothers filed a complaint against Mr. Collins and Liberty Mutual in the Circuit Court of Barbour County, Alabama. Boyd Brothers and Mr. Collins are citizens of Alabama. Liberty Mutual is a Massachusetts corporation with its principal place of business also in Massachusetts. (Compl. ¶¶ 1-3; Not. Removal ¶¶ 14-16.)

The complaint alleges the following facts. On July 1, 2005, Mr. Collins, an agent for Liberty Mutual, persuaded Boyd Brothers to purchase a Liberty Mutual liability insurance policy and to enter into a collateral agreement. (Compl. ¶¶ 3, 5-8, 13, 39.) The sales pitch would not have been persuasive but for Mr. Collins's false representations and omission of material facts. Namely, Mr. Collins falsely represented to Boyd Brothers that Liberty Mutual would adjust Boyd Brothers's security and escrow requirements annually and return collateral payments to Boyd Brothers that exceeded its collateral obligations. (Compl. ¶ 15.) Mr. Collins also failed to disclose to Boyd Brothers that the policy it purchased would not return the initial collateral payment to Boyd Brothers on each anniversary date following a collateral review. (Compl. ¶ 24.) Because of these fraudulent misrepresentations and the fraudulent concealment, Boyd Brothers changed its position and purchased the policy. (Compl. ¶¶ 17-18, 24.) As a result, Boyd Brothers was injured because it made deposits into an insurance policy that was not as promised; it lost the value of the deposits; it lost interest

4

on the deposits; and it was deprived of the insurance policy that it was promised. (Compl. ¶¶ 18, 25.) Boyd Brothers "discovered the fraud within two years of filing this lawsuit." (Compl. ¶ 9.)

The complaint contains seven counts. The fraud counts (Counts One, Three and Four) are against Mr. Collins and Liberty Mutual, and the allegations are framed as having been committed by "Defendants" collectively. (Compl. ¶¶ 12-18, 23-25, 26-28.) The remaining counts are against Liberty Mutual for breach of contract, possession of collateral through fraud and artifice, wrongful exercise of dominion, and negligence and wantonness in the hiring, training and supervising of Mr. Collins. (Compl. ¶¶ 19-22, 29-32, 33-36, 37-40.)

On September 18, 2008, Defendants filed a Notice of Removal in the United States District Court for the Middle District of Alabama, predicated on diversity jurisdiction, *see* 28 U.S.C. §§ 1332(a), 1441. Although complete diversity does not exist on the face of the complaint, given that Boyd Brothers and Mr. Collins are both citizens of Alabama, the removal petition alleges that Mr. Collins is fraudulently joined because there is no possibility that Boyd Brothers can prove a cause of action against him. Defendants filed an affidavit from Mr. Collins. (Collins Aff. (Ex. B to Not. Removal).) Of particular relevance to the issue at hand, Mr. Collins, a senior account executive for Liberty Mutual, attests that "he was involved in the placing of coverage" on the policy at issue, and that the policy was canceled or "non-renewed" by Boyd Brothers on July 1, 2006. (Collins Aff. 1.)

5

On October 7, 2008, Boyd Brothers filed a Motion to Remand and accompanying brief, asserting that Mr. Collins is a non-diverse defendant who has not been fraudulently joined and that, therefore, diversity of citizenship does not exist in this case.  An affidavit submitted by Boyd Brothers's president confirms that Mr. Collins was the Liberty Mutual agent whom Boyd Brothers contends made the fraudulent representations and material omissions pertaining to the liability insurance policy at issue.  (Richard Bailey Aff. ¶¶ 2-6 (Ex. A to Pl. Mem.).)  Also in that affidavit, Richard Bailey ("Bailey") attests that, in the months following July 1, 2006, he was assured by Mr. Collins, among other Liberty Mutual representatives, that Boyd Brothers's security and escrow requirements would be adjusted properly and the appropriate collateral payments would be returned, but that never happened. (Bailey Aff. ¶¶ 7-8.)

## IV.  DISCUSSION

The issue framed by the parties' briefs is whether Mr. Collins, a non-diverse Defendant, has been fraudulently joined in this action on Boyd Brothers's state-law claims against him for fraudulent misrepresentation and fraudulent suppression.  If Mr. Collins has been fraudulently joined, then his citizenship is disregarded for purposes of determining whether complete diversity exists, and the Motion to Remand must be denied.  If he has not been fraudulently joined, Mr. Collins's presence does not destroy complete diversity, and the Motion to Remand must be granted.

Defendants argue that there is no possibility of recovery against Mr. Collins. They say that Boyd Brothers's fraudulent misrepresentation and fraudulent suppression claims against Mr. Collins are "generalized and non-specific" and fail to comply with the particularized pleading requirements under Alabama and federal law, *see* Ala. R. Civ. P. 9; Fed. R. Civ. P. 9. (Not. Removal 7-8). They say also that, because Boyd Brothers alleges that the purported fraud occurred at the latest on or before July 1, 2005, when the policy of insurance went into effect and because the state court complaint was not filed until August 20, 2008, the claims are barred by the applicable two-year statute of limitations. (Not. Removal ¶ 24.)

Boyd Brothers takes a contrary position. (Pl. Mem. 3-4.) It says that the pleading rules relied upon by Defendants are "of no consequence to [the] fraudulent joinder" analysis. (Pl. Mem. 4.) Presumably relying on the tolling provision of § 6-2-3 of the Code of Alabama,[2] Boyd Brothers counters that a "plain reading" of the complaint reveals that the discovery occurred within two years of filing the state court complaint. (Pl. Mem. 9.) In response, Defendants contend that the complaint's "bare assertion" that the action was filed within two years of discovering the fraud is wholly inadequate to invoke Alabama's tolling statute. (Defs. Resp. 10.)

---

[2] That statute provides: "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." § 6-2-3.

7

Multiple authorities in support of the parties' respective positions have been cited, and those authorities have been reviewed. It, however, is *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278 (11th Cir. 2006), which provides the best explanation of why this case must be remanded.

In *Henderson*, a removed case involving allegations of fraudulent concealment surrounding the method for calculating insurance premium increases, the Eleventh Circuit reversed the district court's ruling that the non-diverse defendant had been fraudulently joined. *See id*. at 1280. The district court found, first, that fraudulent concealment had to be pleaded in order to invoke Alabama's tolling statute, § 6-2-3, and, second, that the allegations of the complaint were insufficient to toll the statute of limitations. *Id*. at 1282. Thus, the district court found that there was no possibility that the plaintiff could maintain a cause of action against the non-diverse defendant.

At the outset, the Eleventh Circuit emphasized that "[o]rdinarily, where the viability of a plaintiff's claim against a non-diverse defendant depends on whether section 6-2-3's savings clause applies, the case should be remanded summarily; such a question is emphatically a matter for the state courts to decide." *Id*. at 1282. Turning to the district court's analysis, the Eleventh Circuit recognized that "the state of the fraudulent concealment pleading requirement in the context of Alabama fraud cases has often been difficult to discern," but concluded that it was unnecessary to "reach a definitive pronouncement on the state of the fraudulent concealment pleading requirement in Alabama fraud cases." *Id*.

8

at 1283. Specifically, the Eleventh Circuit cautioned that, in assessing fraudulent joinder, federal courts should not "gauge the sufficiency of the pleadings" under state law. *Id.* at 1284. "[T]he decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." *Id.* (citation omitted). The issue, rather, is "whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient to invoke Ala. Code § 6-2-3." *Id.*

In *Henderson*, the defendants had not met that heavy burden. Although the allegation that the alleged fraud was of a "continuing nature" could not, in and of itself, satisfy Alabama's heightened pleading requirements for alleging fraudulent concealment, there were additional allegations. *Id.* There were allegations that the "[d]efendants" (referred to collectively) had "fraudulently suppressed and concealed the actual basis for their premium increases" and that the policy was "serviced" in such a manner "as to actively conceal or suppress the true nature of the policy and how premium increases were calculated," *id.* (internal quotation marks and citations omitted). The Eleventh Circuit concluded that these allegations "perhaps alleged active suppression of the fraud in the servicing of the policy." *Id.* While admittedly "not highly detailed," the allegations were not so general and conclusory so as to deprive the defendants of "no fair notice at all." *Id.* There, thus,

9

"exist[ed] a sufficiently substantial question as to whether [the plaintiff] ha[d] successfully pled fraudulent concealment under Alabama law." *Id.* (brackets added).

Here, also, the court finds that Defendants have failed to sustain their burden of demonstrating that no Alabama court could find the facts of the complaint insufficient to invoke § 6-2-3. Boyd Brothers's allegations that the fraud was discovered within the two-year window preceding the filing of the complaint do not stand alone. (Compl. ¶ 9.) There also are allegations that "Defendants," which in context necessarily includes Mr. Collins, "fraudulently concealed" that the policy at issue would not return the initial collateral payment to Boyd Brothers on each anniversary date following a collateral review, as represented (Compl. ¶ 24), and that Mr. Collins "concealed the material facts relating to the terms of the [collateral] agreement" (Compl. ¶ 28).

The allegations, while not a template for precise pleading, appear to satisfy the standard pronounced in *Henderson*. They are not wholly conclusory, and it cannot be said that the allegations provide "no fair notice at all." *Henderson*, 454 F.3d at 1284. To borrow from *Henderson*, Boyd Brothers's "patchy allegations may ultimately prove insufficient, but [the court] [is] unable to say there is no possibility [it] has asserted a colorable claim for tolling under Ala. Code § 6-2-3[.]" *Id.* (brackets added). The court is not saying that the complaint's allegations satisfy state-law pleading requirements for invoking the tolling statute. As stressed in *Henderson*, such a determination would exceed the permissible legal bounds in the fraudulent joinder analysis and would encroach upon state court jurisdiction.

Considerations of comity counsel against that interference. The court merely is saying that a case for tolling is arguable or colorable.[3] Accordingly, for the foregoing reasons, the Motion to Remand is due to be granted.[4]

## V. CONCLUSION

Controlling precedent requires Defendants to bear the weighty burden of establishing fraudulent joinder. That burden has not been met. Accordingly, it is ORDERED that:

(1) Boyd Brothers's Motion to Remand (Doc. # 9) is GRANTED;

(2) This case is REMANDED to the Circuit Court of Barbour County, Alabama;

(3) The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand; and

(4) Boyd Brothers' request for attorney's fees and costs is DENIED.

DONE this 18th day of May, 2009.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[3] Defendants' other arguments have been fully considered, but those arguments plainly are insufficient to sustain Defendants' heavy burden on removal of demonstrating fraudulent joinder. Moreover, in light of the court's ruling, and as in *Henderson*, 454 F.2d at 1284 n.4, it is unnecessary to address Boyd Brothers's arguments premised on the common defense rule.

[4] Boyd Brothers's Motion to Remand includes a request for an award of costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c). Having reviewed the record as a whole, the court does not find that Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Costs and fees, therefore, will be denied.